UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SUSAN MCLOUGHLIN, "Payee"; MICHAEL
THORNTON, and JAMES THORNTON,

                Plaintiffs,

        - against -

SOCIAL SECURITY and ALANTE
SECURITY,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-2536 (PKC)(JO)

PAMELA K. CHEN, United States District Judge:

On April 27, 2018, Plaintiffs Susan McLoughlin (described in the caption as "Payee"), Michael Thornton, and James Thornton filed this *pro se* action against the Social Security Administration ("SSA" or "the Agency") and Alante Security. Plaintiffs each filed an application to proceed *in forma pauperis*. (Dkts. 2, 3, 4.) Plaintiffs' requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) are granted solely for the purpose of this Order. Plaintiffs' Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); however, Plaintiff is granted thirty (30) days from the date of this Order to file an Amended Complaint.

## BACKGROUND

Plaintiffs' Statement of Claim states, in its entirety: "Social Security + Alante Security guard decided that I [Susan McLoughlin] cannot be payee for Michael Thornton (brother) or James Thornton (father) anymore." (Complaint ("Compl."), Dkt. 1, at 5.) The space to request Relief states: "I need my brother Michael back payments and get his social security payments and not to stop my father James payments [*sic*]." (*Id.* at 6.) The Complaint contains no other allegations or exhibits that would explain the nature of the action or the grounds for relief. Additionally, the space to identify the basis for federal jurisdiction is left blank. (*Id*. at 4.)

## LEGAL STANDARD

Pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal question jurisdiction may be properly invoked only if the plaintiff's complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

The instant Complaint does not state a claim for relief or provide any basis for this Court's jurisdiction. The only claim is that "Social Security + Alante security guard" have prevented

Plaintiff Susan McLoughlin from serving as the payee for her father and brother, the other Plaintiffs, for benefits received from the SSA. The Complaint implies, but does not assert, that McLoughlin had previously served as the representative payee for her family members and had been receiving benefits on behalf of one or both claimants. The submission does not indicate whether and through which program any of the Plaintiffs are entitled to benefits from the SSA, does not identify a particular decision from the SSA regarding the appointment of a representative payee, and does not show what administrative steps Plaintiffs took to have McLoughlin appointed or restored as the representative payee.

In circumstances where individuals are entitled to benefits, and the Agency determines that it would be in their best interest, the Agency may distribute a person's benefits "for [a beneficiary's] use and benefit to another individual or entity as the beneficiary's representative payee." *Wash. Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler,* 537 U.S. 371, 376 (2003) (citing 42 U.S.C. § 405(j)) (alteration in original; internal quotation marks and additional citations omitted). The Commissioner of the SSA (or the administrator designated by the Commissioner) has discretion over whom to appoint, but generally gives priority to "[a] legal guardian, spouse (or other relative) who has custody of the beneficiary or who demonstrates strong concern for the personal welfare of the beneficiary." 20 C.F.R. § 404.2021. The Commissioner must be satisfied that the particular appointment is "in the interest of" the beneficiary, 42 U.S.C. §§ 405(j)(2)(A)(ii), 1383(a)(2)(B)(i)(II), and the appointed representative must follow detailed regulations in the use and expenditure of benefits on behalf of the beneficiary, 20 C.F.R. §§ 404.2035(a), 416.635(a). The Commissioner may revoke or change this designation where the representative payee has misused any individual's benefit or is unable to carry out the responsibilities. 42 U.S.C. § 405(j)(1)(A), 20 C.F.R. § 416.650.

A plaintiff seeking to challenge the SSA's appointment or removal of the representative payee may seek review of a final determination by the Commissioner pursuant to 42 U.S.C. § 405(g). *See Thomas v. Soc. Sec. Admin.*, No. 11-CV-3698(MKB), 2013 WL 1873281, at *3-5 (E.D.N.Y. May 2, 2013), *aff'd,* 551 F. App'x 24 (2d Cir. 2014). A "final decision" by the Commissioner occurs after multiple steps of review within the Agency itself, and a claimant must exhaust these remedies first. *See Tutuianu v. Comm'r of Soc. Sec.*, No. 06-CV-2823(JG), 2007 WL 1875556, at *1 (E.D.N.Y. June 29, 2007) (dismissing action where plaintiff had not demonstrated that he presented his claim regarding the appointment of a representative payee for a hearing by an administrative law judge or review by the Appeals Council, thus there was no "final decision" by the Commissioner and the district court did not have jurisdiction); *Laurie Q. v. Callahan,* 973 F. Supp. 925, 929-32 (N.D. Cal. 1997) (holding that plaintiffs must submit their representative payee claims to the Commissioner before taking them to federal district court). After exhausting the administrative remedies, the claimant may bring the action in the district court where he or she resides, and must bring the action within 60 days after notice of the decision he or she wishes to challenge. 42 U.S.C. § 405(g). Furthermore, "[t]he only proper defendant in an action under section 405(g) is the Commissioner of Social Security." *Keesing v. Apfel,* 124 F. Supp. 2d 134, 135 (N.D.N.Y. 2000).

In this case, Plaintiffs have not demonstrated that they presented their claims about the appointment or removal of McLoughlin as the other Plaintiffs' representative payee to the SSA in order to exhaust administrative remedies. Since Plaintiffs have submitted no evidence that they have exhausted their administrative remedies, this Court lacks jurisdiction pursuant to 42 U.S.C. § 405(g) to hear the claim. Plaintiffs have presented no other claims for relief against Defendants Social Security and Alante Security. Accordingly, all of Plaintiffs' claims are dismissed for lack

of subject matter jurisdiction and for failure to state a claim pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

**LEAVE TO AMEND**

In light of Plaintiffs' *pro se* status and the requirement to liberally construe their claims, the Court grants leave to file an amended complaint. In order to proceed on a claim against the SSA pursuant to 42 U.S.C. § 405(g), Plaintiffs must name the Commissioner of the SSA as the defendant and must demonstrate that they have exhausted their remedies through the Agency. Should they have other claims for relief against the named Defendants under any other provision of federal law, they may raise them in the amended complaint. Any amended complaint must be captioned "Amended Complaint" and bear the same docket number as the complaint it seeks to replace. Plaintiffs are reminded that any amended complaint completely replaces all previous complaints filed under that docket number.

**CONCLUSION**

For the reasons stated herein, the complaint is dismissed. Plaintiffs are granted thirty (30) days from the date of this Order to file an amended complaint. If Plaintiffs do not file an amended complaint within thirty (30) days, judgment dismissing the case shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED:

    */s/ Pamela K. Chen*
    PAMELA K. CHEN
    United States District Judge

Dated: May 4, 2018
       Brooklyn, New York